**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
Pensacola DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Mr. Mario A. Chandler, Assoc. Exec. Dir. Inmates Rights Group (I.R.G.)
Inmate # C-127821
(Enter full name of Plaintiff)

vs.

Nurse McArthur,
Nurse Fennell,
Dr. William David Rummel,

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

CASE NO: 3:08cv90-RV/EMT
(To be assigned by Clerk)

"Amended Complaint"

* Jury Trial Demanded *
Pursuant to Fed. R.
Civ. Procedure - Rule 38
(a) and (b)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA
PENSACOLA, FLA

2008 MAR 21 PM 12: 45

FILED

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Mr. Mario A. Chandler, Assoc. Exec. Dir.-I.R.G.
Inmate Number: C-127821
Prison or Jail: Santa Rosa C.I.
Mailing address: 5850 E. Milton Rd.
Milton, FL 32583
(850) 983-5800

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: Mr. McArthur (Sued in individual & official capacity)
    Official position: Correc. Medical Nurse
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 E. Milton Rd.
    Milton, FL 32583

(2) Defendant's name: Mr. Fennell (Sued in individual & official capacity)
    Official position: Correc. Medical Nurse
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 E. Milton Rd.
    Milton, FL 32583

(3) Defendant's name: William David Rummel, Dr. (Sued in individual & official capacity)
    Official position: Chief of Health Srvc.'s
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 E. Milton Rd.
    Milton, FL 32583

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

### III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV.     PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.  Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
    Yes(  )          No(✓)

   1. Parties to previous action:
      (a) Plaintiff(s): _____
      (b) Defendant(s): _____
   2. Name of judge: _____   Case #: _____
   3. County and judicial circuit: _____
   4. Approximate filing date: _____
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____
   7. Facts and claims of case: _____

   **(Attach additional pages as necessary to list state court cases.)**

B.  Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

   Yes(  )          No(✓)

   1. Parties to previous action:
      a. Plaintiff(s): _____
      b. Defendant(s): _____
   2. District and judicial division: _____
   3. Name of judge: _____   Case #: _____
   4. Approximate filing date: _____
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____

3

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)   No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): Mario A. Chandler
   b. Defendant(s): Walter McNeil
2. District and judicial division: Fed. District / Pensacola Division
   The Honorable
3. Name of judge: Elizabeth Timothy   Case #: 3:07CV529/RV/EMT
4. Approximate filing date: Dec. 16, 2007
5. If not still pending, date of dismissal: Still Pending
6. Reason for dismissal: N/A
7. Facts and claims of case: Due Process violation in Prison Disciplinary Hearing (Habeas Corpus Case)

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case Docket # _____
4. Approximate filing date: _____  Dismissal date: _____
5. Reason for dismissal: _____

4

Section (C) page 4 continued: appendix (a).

1. Parties to Previous action:
   a. Plaintiff(s): Mario A Chandler
   b. Defendant(s): David Ellis
2. District and Judicial Division: Fed District / Pensacola
3. Name of Judge: The Honorable Elizabeth Timothy    case #: 3:08cv75-MCR/EMT
4. Approximate filing date: Feb. 25, 2008
5. If still not pending, date of dismissal: Still Pending
6. Reason for dismissal: N/A
7. Facts and claims of case: Due Process violation in Prison Disciplinary Hearing (Habeas Corpus case)

1. Parties to Previous action:
   a. Plaintiff(s): Mario A. Chandler
   b. Defendant(s): Lt. Felix W. Mcples, et al.
2. District and Judicial Division: Fed District / Pensacola
3. Name of Judge: The Honorable Miles Davis & Lacey Collier   Case #: 3:07cv15/LAC/MD
4. Approximate filing date: Jan. 8, 2007
5. If still not pending, date of dismissal: Pending before the 11th Cir. of Appeals
6. Reason for dismissal: N/A
7. Facts and claims of case: Retaliation for redress of grievances and failure to follow due Process requirements (1983 Civil Rights Case)

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

On Wednesday, Jan. 2nd 2008 Nurse McArthur was diliberately indifferent to my Medical respiratory disease. On Friday, Jan. 25th 2008 Nurse Fennell was diliberately indifferent to my Medical respiratory disease. Both Nurse on the above listed dates had given Medical clearance to security officials to utilize a disciplinary Measure that was harmful to Plaintiff's health (thus placing Plaintiff's life in a compromising health risk). There was no proper governmental objective for the utilization of the punishment instituted, because security officials were in fact retaliating against Plaintiff for the utilization of the grievance procedure against Corres. officer lieutenant James D. Kirkland (who was the one who contacted both defendants on both days in question to gain the authorization because Plaintiff posses a Form DC4-650 B=(Risk Assesment for the utilization of Chemical Restraint Agents and Electronic Immobilization Devices)Which requires Medical approval prior to instituting this type of disciplinary Measure). The chemical agents authorized for use by the Dept Pursuant to Chapter 33-602.210(16)(a) F.A.C. revised 9/06 (OC)=Oleoresin Capsicum, (CS)=Orthochlorbenzal Malononitrile, and (CN)=Chloroacetophene; all causes some type of respiratory distress which inhibits the already difficult breathing of a person who suffers from a persistant respiratory disease.

5

Pursuant to the Policy of the Dept. Chapter 33-602.210(16)(M) Subdivision 2.a.: When in a close management or confinement setting, a review of form DC4-650B, shall be used to determine if the inmate has a "Medical condition" that would be exacerbated (which means: Make (pain, etc.) worse, or annoy or irritate) by the use of chemical agents; Medical staff is to be contacted to [determine] whether the inmate has a "Medical condition" or any "Medical conditions" that would make the use of chemical agents dangerous (which means: liability or exposure to harm, exposure to something that may or causes harm) (Harm means: to impair ones Health, Life or Safety), to the inmate's health. Now according to the Policy of the Dept. Chapter 33-602.210(16)(a) I: (OC)-Oleoresin Capsicum states briefly the hazardous Medical side effects this chemical agent posses which clearly states: the sensation (which means: intense feeling) of respiratory distress (which means: anguish or suffering). Whether or not defendants was "actually" aware of the Medical hazardous side effects defendants were presumed to know according to the Policy of the Dept. and standard Medical knowledge; defendants are legally accountable for conduct that violated fixed Standards. There actions users arbitrary to my Medical impairment which also violates title II of the Americans with Disabilities Act. Pursuant to regulatory references 28 CFR 35.104 (Physical or Mental Impairments), Plaintiff is a qualified title II candidate, due to his respiratory Persistent disease and Plaintiff's long standing emotional illness. Had defendants not give consent, this type of Disciplinary measure sought out of retaliation for Plaintiff filing grievances on Security personnel would not have been employed, thus preserving the decorum of Medical Standards and Medical Professional Practice. It can be legally infered that defendants conspired with Security officials and foreclosed on dept. policy to allow Security officials to achieve there Malicious and sadistic goal.

Section V. Statement of Facts Continued: (Page 6) appendix(a).

As a result of defendants diliberate indiffrence to Plaintiff's Medical impearments, Plaintiff was made to suffer with Scaling irritated skin, respiratory distress, and irritated burning sensation of the groin. Plaintiff was seen by sick call nurse Ms. Reeves on the 17th of January (after Placing a second sick call request) which was 15 days after the first exposure to chemical agents on Jan. 2nd 2008, and was treated for the irritated skin (which she gave me four (4) Packets of Bacitracin USP (First Aid Antibiotic ointment)) and a tube of hydroquartizone Cream, she also noted that she did observe mild skin irritation on my back due to direct body contact with the chemical agents. I was seen again by sick call request on Feb. 5th 2008 by Nurse McArthur who was relectant to even examine me for my complaints of continued skin irritation and irritation and burning of my groin. He gave me some more Bacitracin and eight (8) Packets of Antiseptic/Germicide Providoneiodine USP Prep Pads and refused to treat my irritant skin on my back. I was seen again by sick-call again just ten (10) days later Feb. 15, 2008 by Nurse Steele who flatly refused to acknow- ledge my complaints and ordered Security to return me to my cell, stating that I need to stop getting sprayed with chemical agents then my skin wont be irratant. Plaintiff also stipulates that it is a standard practice that after being applied chemical agents, inmate is taken to be showered with cold water but no soap of any kind; thus keeping the chemical agents chemical residue on the skin of the inmate because the residue is oil based thus causing more injury because it is standard knowledge of medicine that once a person comes into contact with chemical agents they are to use soap (none abrasive) to wash the affected area, or otherwise it will cause burning sensation and other effects, for lengthly Periods of time.

Section V. Statement of facts continued: (page 6) appendix (6).

Plaintiff lastly states that he was returned back to the same cell that he was applied chemical agents in (on both incidents - Jan. 2nd 2008 Plaintiff was housed in cell E1213 Lower and Jan. 25th 2008 Plaintiff was housed in cell E1219 Lower) which was not decontaminated and Plaintiff was placed on "Strip Cell" confinement in nothing but a pair of boxers shorts 1/2 contaminated because Plaintiff's skin was still contaminated due to no soap being issued in the so called "decontamenation shower". Plaintiff was forced to lie on a dirty floor and a steel bed frame in the cold wheather temprature while on "Strip Cell" confinement status in a filthy contaminated cell that has chemical agents residue all over it.

Defendant Doctor William David Rummel who is the Chief Health officer is liable for condoning ~~this~~ these practices of allowing those with respiratory disieases to be applied chemical agents at whim by security officials request. Please see grievance log # 0801-119-175 response by Doctor Rummel and grievance log # 0801-119-272 response by Doctor Rummel.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Claim 1: Violation of the United States Constitutional Eighth Amendment (Cruel and Unusual Punishment Clause) Due to failure to adhere to Standard Practices of Medicine and Medical knowledge as well as dept. policy obligations Defendants violated the Eighth Amendment of the U.S. Constitution.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff is seeking injunctive relief barring the use of chemical agents being utilized against those with respiratory diseases, compensatory damages in the amount of $65,000.00 from each defendant Punitive damages in the amount of $70,000.00 from each defendant and any other relief the courts be willing to grant under the law.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

3/19/08
(Date)

(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 19 day of March, 2008.

(Signature of Plaintiff)

Revised 03/07

PROVIDED TO
SANTA ROSA C.I.
MAR 19 2008
FOR MAILING
INMATE INITIALS

7

ATTN: CHIEF HEALTH
Officer #119-Santa
Rosa C.I.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

RECEIVED
JAN 14 2008
SANTA ROSA C.I.
GRIEVANCE COORDINATOR

0801-119-175

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: Chandler, Mario C.   C-127821   #119-Santa Rosa C.I.
      Last, First, Middle Initial   Number   Classification Institution

Pursuant to 33-103.006(3)(e) & 33-103.008(1)(a) - of Grievance 33-103.013(7)

**Part A – Inmate Grievance**

On Wed. Jan 2nd 2008 Nurse McArthur gave medical authorization to Correctional Officer Lt. Kirkland to authorize chemical agents the use of chemical agents on me. Pursuant to Security Operations 33-602.210(16)(M)(2)(a): When in close mgt. or confinement setting; a review form DC4-650B, Risk Assessment for the use of Chemical Restraint Agents & Electronic Immobilization Devices to determine if the inmate has a medical condition that would be exacerbated (which means make (pain, etc) worse or annoy or irritate) by the use of chemical agents; medical staff is to be contacted to determine whether the inmate has any medical condition(s) that would make the use of chemical agents dangerous (means liability or exposure to harm, exposure to something that causes or may cause harm) (Harm means to impair ones health, life or safety) to the inmate's health. Now according to 33-602.210(16)(a) 7: OC- Oleoresin Capsicum which is an inflammatory agent that causes tearing & involuntary closing of eyes, nasal discharge, sneezing, disorientation & the sensation (means intense feeling) of respiratory distress (means anguish or suffering) is the chemical agent I was presumed to be administered. As a member of the medical profession nurse McArthur had a professional duty to inquire on the side effects of the particular chemical agent being requested to be applied to me and assess that with my health/medical impairments put against my DC4-650B. It is undisputed that an inmates health outweighs government objective to administer something that has the potential to cause harm to the inmate. It is also undisputed that nurse McArthur was negligent because he failed to inquire on the side effects of the chemical agent requested to be applied & if nurse McArthur was aware of the side effects then he was deliberately indifferent to my medical impairments which is even worst. In either case nurse McArthur was medically negligent because by authorizing use of the chemical agent & the side effects it contains places my health in harms way deliberately which violates federal A.D.A. laws protecting those with disabilities in which I fall under. I re-

1.13.2008                    MC C-127821
DATE                          SIGNATURE OF GRIEVANT AND D.C. #

quest disciplinary sanction be instituted against nurse McArthur for Medical negligence.

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___/___
                                                                        #    Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 0801-119-175 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

IN YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, YOUR ISSUE WAS THAT A CHEMICAL AGENT WAS USED IN A USE OF FORCE SITUATION. YOU ARE CLAIMING THAT THE CHEMICAL AGENTS SHOULD NOT HAVE BEEN USED ON YOU DUE TO A MEDICAL CONDITION.

AT THE PRESENT TIME, THERE ARE NO INMATES ON THE SARCI COMPOUND, WHO ARE EXEMPT FROM RECEIVING A CHEMICAL AGENT USE OF FORCE. THE MEDICAL STAFF EXAMINES ALL INMATES AFTER EXPOSURE AND THESE INMATES ARE TREATED OR EDUCATED AS NEEDED.

IN LIGHT OF THE ABOVE INFORMATION YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

W.D. RUMMEL                                      J. HAAS

_____        _____        1/23/08
SIGNATURE AND TYPED OR PRINTED NAME    SIGNATURE OF WARDEN, ASST. WARDEN, OR       DATE
OF EMPLOYEE RESPONDING                 SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

ATN: Chief Health Officer
Dr. Rummel c/o
Nurse McArthur

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
JAN 18 2008
SANTA ROSA C.I.
GRIEVANCE COORDINATOR

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: Chandler, Mario A.    C-12782    #119 Santa Rosa
   Last   First   Middle Initial   Number   Institution

0801-119-22

### Part A – Inmate Grievance

Pursuant to 33-103.006

Pursuant to Fl. Admin. Code Chapter 33-602.210(11) you sir nurse McArthur, where in complete violation with respect to the Wed. Jan 2nd 2008 use of force incident against me. You knew the chemical agents use of force incident was unlawful & fabricated to attempt to justify the reprisal or better yet disguise the true nature and intention of it, which means I was unlawfully abused & you failed to follow explicit governing procedures metted out in the above reference Fl. Admin Code & complete a form DC6-210 Pursuant to Florida Law Statute §944.35(3)(d). However should you attempt to Stipulate that you where coerced into partaking into that illegal incident (by FL Law Statute §944.35(3)(a)2. it was illegal) FL Law Statute §944.35(4)(c) offers you some type of legal safeguard from unlawful and illegal instructions instituted by supervisory level officials. However, it is required that you come forward and inform investigative officials of your personal knowledge and truth surrounding the Wed Jan. 2nd 2008 use of force on me. I hope you comply with law & do what is legally right. I am however actively pursuing criminal prosecution by the State Attorney's office in this jurisdiction regarding this incident stated herein? I have also filed a formal complaint against your nursing license with Murlima Cambell, M.D. (Executive Director Medical Professional Services) & Mr. Stephen Tomicica (Correctional Medical Authority Administrator) as well as the State & Local occupational and Professional licensing board(s). I have even went further and filed a federal complaint with the Federation of State Medical Boards of the United States (located in Texas, Dallas). Your actions where excusable and totally unprofessional. I became a victim & you contributed to its making.

Tuesday Jan. 16 2008     MAC C-127821
DATE     SIGNATURE OF GRIEVANT AND D.C.#

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___
                                                                                                                                         #        Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 0801-119-272 | (11) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | 'ANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

IN YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, YOUR ISSUE WAS THAT A CHEMICAL AGENT WAS USED IN A USE OF FORCE SITUATION. YOU ARE CLAIMING THAT THE CHEMICAL AGENTS SHOULD NOT HAVE BEEN USED ON YOU DUE TO A MEDICAL CONDITION.

AT THE PRESENT TIME, THERE ARE NO INMATES ON THE SARCI COMPOUND, WHO ARE EXEMPT FROM RECEIVING A CHEMICAL AGENT USE OF FORCE. THE MEDICAL STAFF EXAMINES ALL INMATES AFTER EXPOSURE AND THESE INMATES ARE TREATED OR EDUCATED AS NEEDED.

IN LIGHT OF THE ABOVE INFORMATION YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

W.D. RUMMEL                                   J. HAAS

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 1/23/08 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Mario A. Chandler
(Petitioner)

To
Central Office
FL. Dept. of
Corrections
Bureau of I/M
Grievances

Proof Of Service / Proof Of Documentation

Mario A. Chandler, Declare Under The Penalty Of Perjury Pursuant to 28 U.S.C. §1746 that he Mailed a copy of the foregoing (Form DC1-303's (Formal Grievance) To: Bureau of I/M grievance appeals - 2601 Blair Stone Road; Tallahassee FL 32399 (Deposited) into the inmate grievance box as Proscribed in Chapter 33-601.800)

By Placing the document in an envelope and Placing the envelope in the hands of the security official assigned to the dorm designated by the housing C.O. Sgt. (Supervisor) to Pick up the legal mail at my cell / Dorm E1219 L on this 3 day of February (Month) 2008 (Year)

**LEGAL**

/s/ Mario A. Chandler, 127821
Santa Rosa Correc. Inst.
5850 E. Milton RD.
Milton, FL 32583

PROVIDED TO
SANTA ROSA C.I.
FEB 08 2008
FOR MAILING
INMATE INITIALS

* Note *

Sent off Grievance Log # 0801-119-175 which was written against Nurse Mc-Authur's Medical neglegence Pertaining to him giving authorization for chemical agents to be administered to me.

Officer's Date Stamp to verify & affirm that the foregoing is being Mailed as stipulated.

Sent off Grievance Log # 0801-119-272 Grieving the fact that the Proper restrictions needs to be Placed in my Medical file barring the use of chemical agents on me because I have a persistant respiratory condition which strongly conflicts with the side effects of the chemical agents.

Sent off Grievance Log # 0801-119-063 D.R. Appeal - DR Log # 119-073209 Refusing a verbal order Stipulating uncontested factual grounds to have my Disciplinary Report overturned & expunged from file - The investigator failed to follow explicit Procedures stipulated in 33-601.305 which causes Procedural errors.

**PART C - RECEIPT  (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| CHANDLER, MARIO | L27821 | 08-6-03680 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07A (GENERAL MEDICAL    (MEDICAL))

| 2/4/08 | 08-6-03680 | |
|---|---|---|
| DATE | GRIEVANCE LOG NUMBER | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

Appeal of Inst. Response about Nurse McAuthers Negligence

Received 2/11/08

# INMATE REQUEST

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

(Instructions on Back)

Mail Number: #RLS
Team Number: #07
Institution: #119 Santa Rosa

ATTN: MRS. T. Reyes, Grievance coordinator

TO: (Check One)
☐ Warden  ☐ Classification  ☐ Medical  ☒ Other
☐ Asst. Warden  ☐ Security  ☐ Dental

FROM:
Inmate Name: Chandler, Manuel
DC Number: C-127821
Quarters: E3122S
Job Assignment: N/A
Date: 3/13/08

**REQUEST** Mrs. Reyes you've stated that you don't see in central office were a grievance was filed on a 6-1 D.R. In that respect your absolutely correct, because I did not file a grievance, I filed an appeal of the institutions response to that infraction. However, it is a good thing that I have a plethora of administrative training which sets me apart from the majority of my peers here. The appeal response Log # is: 08-6-03742 in which I did not receive, as I've stated in the attached. I have also not received an response to Log #08-6-03680 filed 2/4/08 in which central office is in violation of the time frames requirement set forth in Chapter 33-103 Grievance Procedure. I thank you ever so much to assist me in this delimma.
Sincerely - MC (27821)

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

DO NOT WRITE BELOW THIS LINE

**RESPONSE**   DATE RECEIVED: _____

I have inform Tallahasse of the error on DC# + none on grievance log # 08-6-03742. You should receive an amended copy. A review of central office appeals reveals that log # 08-6-03680 has been referred to Health Services for investigation, as soon as they provide information you will receive response.

[The following pertains to informal grievances only:
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): D. Reyes          Date: 3-14-08

Distribution: White  -Returned to Inmate    Pink -Retained by official responding, or if the response is to an
              Canary -Returned to Inmate         informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)