IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIO A. CHANDLER,
        Plaintiff,

vs.                                        Case No. 3:08cv90/RV/EMT

NURSE McARTHUR, et al.,

        Defendants.

---

**REPORT AND RECOMMENDATION**

        Plaintiff initiated this action by filing a complaint on March 2, 2008 (*see* Doc. 1 at 3). Leave to proceed in forma pauperis has been granted (Doc. 5). This cause is now before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 10).

        Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the amended complaint, it appears that this case should be dismissed as malicious. Section IV.C. of the civil rights complaint form asks "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 10 at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed two pending habeas cases (Chandler v. McNeil, Case No. 3:07cv529/RV/EMT (N.D. Fla.)) and Chandler v. McDonough, et al., Case No. 3:08cv75/MCR/EMT (N.D. Fla.)) and one pending civil rights case (Chandler v. Maples, et al., Case

No. 3:07cv15/LAC/MD (N.D. Fla.)) (*see* Doc. 10 at 4 and continuation page 4). Thus, Plaintiff has in effect stated that he has initiated three lawsuits in federal court that otherwise relate to his imprisonment. Section IV.D. of the civil rights complaint form asks "Have you ever had any actions in federal court dismissed as frivolous, . . . or prior to service? Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.* at 4). Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court that were dismissed prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*id.* at 7).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed <u>Chandler v. Broward Sheriff's Office</u>, Case No. 0:07cv60109/WPD in the United States District Court for the Southern District of Florida.[1] Further review reveals that the aforementioned case certainly deals with Plaintiff's imprisonment, as Plaintiff was confined at the Broward County Jail at the time the events giving rise to his complaint occurred (*see id.* (Doc. 1 at 4)). Additionally, his allegations include complaints of verbal and physical threats by a correctional deputy employed by Defendant (*see id.*). The case was dismissed prior to service by United States District Judge William P. Dimitrouleas on May 22, 2007 (*see id.* (Doc. 19)).

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or

---

[1] The prisoner number of the plaintiff in that case, #L27821, is the same as Plaintiff's.

Case No.: 3:08cv90/RV/EMT

from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 8th day of April 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:08cv90/RV/EMT